**EXHIBIT 1**

**EXHIBIT 1**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

February 08 2021 8:30 AM

KEVIN STOCK
COUNTY CLERK
NO: 19-2-07054-0

1

2

3

THE HONORABLE TIMOTHY L. ASHCRAFT
Hearing Date: Friday, February 19, 2021

4

5

6

7    SUPERIOR COURT OF THE STATE OF WASHINGTON

8    PIERCE COUNTY

9    ANNA F. DANIELI,                          Case No.: **19-2-07054-0**

10        Plaintiff,

11        v.

12    KING COUNTY, a municipal corporation;      **PLAINTIFF'S MOTION FOR LEAVE**
      CITY OF BELLEVUE, a municipal             **TO FILE SECOND AMENDED**
13    corporation; KING COUNTY HEARING          **COMPLAINT**
      EXAMINER; REGIONAL ANIMAL SERVICES
14    OF KING COUNTY; GENE EDWARD
      MUELLER, and marital community; TIM
15    ANDERSON, and marital community; and
      DOES 1-10,
16
          Defendants.
17

18

19

20                    I.    RELIEF REQUESTED

21        COMES NOW Plaintiff, Anna F. Danieli ("Danieli"), and moves the Court for an

22    Order Granting Leave for the Filing of her Second Amended Complaint, as

23    authorized under Washington Civil Rule 15.   Having previously provided the

24    Defendants with notice of Danieli's new claims, the Parties have stipulated to the

25    Date of February 5, 2021 for Danieli to file her current Motion.  Since this Court last

26    issued orders in this matter, the Parties have engaged and are still in the midst of

27

28    PLAINTIFF'S MOTION FOR LEAVE TO FILE           **Possinger** Law Group
      SECOND AMENDED COMPLAINT                       A Professional Limited Liability Company
      [PAGE 1 of 9]                                  **20250 144th Avenue NE, Suite 205**
                                                     **Woodinville, Washington 98072**
                                                     **206-512-8030**

intense discovery proceedings, which has included tens of thousands of pages of documents and emails produced by the Defendants, as well as interviews and depositions of various witnesses of the case.

During the course of the discovery proceedings, new facts have come to the attention of the Plaintiff concerning the extent to which Defendant, Gene Mueller ("Manager Mueller"), the head of the Regional Animal Services of King County ("RASKC") was involved with the various cases involving Danieli's cat Miska. And the role that this involvement likely had in the intensity of constant and overboard prosecution of Danieli and her cat. Manger Mueller, a neighbor of Danieli appears to have used his role as RASKC Manager in ways that have impacted Danieli's constitutional civil rights. This newly discovered evidence warrants an amendment to Danieli's Complaint.

## II.    STATEMENT OF FACTS

### Procedural Background

On April 12, 2019, Plaintiff filed an initial Summons and Complaint against the Defendants, seeking, among others, Declaratory and Injunctive relief with respect to the King County Hearing Examiner's authority to hear animal enforcement cases involving civil infractions from the City of Bellevue.  On October 7, 2019 the Plaintiff filed her First Amended Complaint, which in addition to the existing claims for Declaratory and Injunctive Relief, added tort claims against the Government Defendants.

On September 25, 2020, Plaintiff and several Government Defendants filed four separate Motions for Summary Judgment:  The Plaintiff's Motion for Partial Summary Judgment sought the Court's ruling on the Plaintiff's Declaratory and

PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT
[PAGE 2 of 9]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

1  Injunctive Relief contained in its First Amended Complaint; the other three Motions

2  for Summary Judgment from several Defendants sought dismissal of all of Plaintiff's

3  claims.  A Hearing was held on October 23, 2020, where the Court by oral ruling

4  granted Plaintiff's Motion for Partial Summary Judgment on Declaratory and

5  Injunctive Relief.  On November 13, 2020, the Court entered its written Order

6  granting Plaintiff's Declaratory and Injunctive Relief, which included a finding that

7  the King County Hearing Examiner had no authority to hear animal enforcement

8  cases involving civil infractions from the City of Bellevue and that Danieli was the

9  prevailing party as to these Declaratory and Injunctive causes of action contained

10  in her First Amended Complaint.

11  <u>**Plaintiff's Investigation and Discovery Efforts**</u>

12  During the above time period, Danieli and her attorneys commenced an

13  investigation to further learn the circumstances and individuals' actions

14  surrounding RASKC's and Danieli's neighbors' constant complaints and

15  investigations against Danieli and her cat Miska.  Danieli's discovery investigation

16  included reviewing thousands of King County and RASKC documents, interviews of

17  former and current RASKC employees and other witnesses.  Danieli's investigation

18  was further supported by the discovery obtained in this case, which included

19  Plaintiff serving the different Defendants with her First Interrogatories and

20  Requests for Production, depositions of several key witnesses and reviewing the

21  Defendants' answers and their tens of thousands of produced documents.

22  Danieli's efforts revealed numerous new facts that were unknown to her at

23  the time of filing of her First Amended Complaint.

24  First, it became known to Danieli that the head of RASKC, Defendant Gene

25  Mueller, who lives in the same vicinity as Danieli, was personally involved in the

26  filing of a complaint with RASKC regarding Miska.  Mueller later admitted this fact in

27

28  PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT
[PAGE 3 of 9]

1   his Declaration in support of King County Defendants' Motion for Summary
2   Judgment.  Mueller was also involved in the investigation of other alleged violations
3   by Danieli's cat.

4       It was also revealed in an interview that Mueller had taken an unusual
5   interest in the violations of Danieli's cat and expressed to other RASKC employees
6   that he would be happy to see Miska shot; showing staff members at RASKC a
7   photograph on his phone of what he said was his wife holding a rifle of some kind
8   and indicating that this would be a solution to the problems with Danieli's cat.

9       Based on evidence gathered to date, it appears that RASKC employees, under
10  the direction of Mueller, took a proactive approach and strongly encouraged
11  Danieli's neighbors to constantly document and photograph Miska's whereabouts
12  and report to RASKC through emails, as well as to file multiple formal complaints
13  against Miska.  RASKC employees also revealed to these neighbors personal
14  information related to Danieli and her cat, including her alleged past violations and
15  amounts of fines imposed on her by RASKC, as well as discussions regarding Miska's
16  alleged particular breed.

17      In addition, it became apparent that after RASKC's and Danieli's neighbors'
18  continued pursuit of Miska, she went missing in July 2019, a few months following
19  the filing of the lawsuit  Merely a month after Miska went missing, and much before
20  Danieli's search efforts were exhausted, Danieli's neighbors acquired new pets to
21  roam their yards.  These same neighbors previously told RASKC they would not
22  purchase new outdoor pets as long as Miska was able to roam free in the
23  neighborhood.

24      These actions, among others, are the basis to the new causes of actions
25  included in Danieli's proposed Second Amended Complaint that is attached to the
26  Possinger Declaration in support of this Motion as Exhibit A.

27

28  PLAINTIFF'S MOTION FOR LEAVE TO FILE
    SECOND AMENDED COMPLAINT
    [PAGE 4 of 9]

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

### III.    STATEMENT OF ISSUES

Whether Danieli should be granted leave to file its Second Amended Complaint pursuant to Civil Rule 15.

### IV.    EVIDENCE RELIED UPON

Danieli relies on the Declaration of Counsel, Jeffrey Possinger and its Exhibits, which includes the proposed Second Amended Complaint, as well as all other papers and pleadings on file with the Court.

### V.    LEGAL AUTHORITY AND ARGUMENT

**A.  Leave to Amend is to be freely given under the plain terms of Civil Rule 15(a)**

Civil Rule 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires"; accord *Sanwick v. Puget Sound Title Ins. Co.,* 70 Wn.2d 438, 445, 423 P.2d 624 (1967) ("leave to amend shall be freely given when justice so requires, and accordingly, the rule is liberally applied"); 3 J. Moore, FEDERAL PRACTICE § 15.02 (2d ed. 1989).  Under CR 15(c), parties may generally amend pleadings to relate back to the date of original filing if the amendment relates to conduct, transactions, or occurrences in the original pleading.  *Watson v. Emard,* 165 Wn.App. 691, 698, 267 P.3d 1048 (2011).  For the reasons set forth below, Danieli meets that standard.

**B.  The Defendants Will Not Suffer Any Prejudice Due to Plaintiff's Second Amended Complaint Because the Second Amended Complaint Relies on the Same Events and Because Defendants Were Given Early Notice of the Second Amended Complaint**

PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT
[PAGE 5 of 9]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

1    Allowing Danieli to file a Second Amended Complaint will not prejudice any of the

2    Defendants because the additional causes of actions rely on the same circumstances

3    detailed in the First Amended Complaint.

4    Washington law generally permits amending a complaint to assert new legal

5    theories based on the same circumstances:

6    "*Appellate decisions permitting amendments have
     emphasized that the moving parties in those cases were*

7    *merely seeking to assert a new legal theory based upon*
     *the same circumstances set forth in the original*

8    *pleading.*

9    *...*

10   *The judicial preference for those amendments based on*
     *the underlying circumstances set forth in the original*

11   *complaint as compared with amendments raising new*

12   *claims based on new factual issues is consistent with the*
     *policies behind CR 15. When an amended complaint*

13   *pertains to the same facts alleged in the original*

14   *pleading, denying leave to amend may hamper a*
     *decision on the merits.*"

15

16   *Herron v. Tribune Publ'g Co.,* 108 Wn.2d 162, 166-167, 736 P.2d 249 (1987).

17   Furthermore, no prejudice will occur to the Defendants because Plaintiff has

18   given them early notice of her intent to amend her First Amended Complaint and

19   incorporate additional causes of actions.  See Plaintiff's counsel's November 23,

20   2020 letter to the Court, attached to the Possinger Declaration in support of this

21   Motion as Exhibit B.

22   Since providing the notice, Plaintiff's and Defendant's counsel have been

23   communicating on the proper time for Plaintiff to file her Motion for Leave to

24   Amend her Complaint and stipulated to the date of filing.

25

                                    VI.    **CONCLUSION**

26

27

28   PLAINTIFF'S MOTION FOR LEAVE TO FILE
     SECOND AMENDED COMPLAINT
     [PAGE 6 of 9]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

1    Accordingly, the court should grant leave to amend so Danieli will be permitted to

2    assert all relevant legal theories against the Defendants.   The proposed Second

3    Amended Complaint, attached to the Possinger Declaration, meets the requirements

4    of Civil Rule 15.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27

28

PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT
[PAGE 7 of 9]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

1    ////

2

3        Respectfully submitted, this February 5, 2021

4

5                            POSSINGER LAW GROUP, PLLC

6

7

8                            /s/ Jeffrey Possinger
                             Jeffrey Possinger
9                            WSBA# 30854
                             Attorney for Plaintiff
10                           20250 144th Avenue, Suite 205
                             Woodinville, WA 98072
11                           (t) 206-512-8030l
                             (f) 206-569-4792
12                           jeffrey.possinger@possingerlaw.com
13

14

15

16                           LAW OFFICES OF JON ZIMMERMAN, PLLC

17

18

19                           /s/ Jon M. Zimmerman
                             Jon M. Zimmerman
20                           WSBA# 36296
                             Attorney for Plaintiff, Anna F. Danieli
21                           918 South Horton Street, Suite 902
                             Seattle, WA 98072
22                           (t) 206-285-5060
                             jon@seattletrafficattorneys.com
23

24

25

26

27

28   PLAINTIFF'S MOTION FOR LEAVE TO FILE
     SECOND AMENDED COMPLAINT
     [PAGE 8 of 9]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

1

## <u>CERTIFICATE OF SERVICE</u>

2

3
I certify that on the date shown below a copy of this Motion for Leave to Amend to File Second Amended Complaint was sent as stated below.

4

| | |
|---|---|
| Amy E. Montgomery, WSBA #32068<br>Senior Deputy Prosecuting Attorney<br>King County Prosecuting Attorney<br>500 Fourth Avenue, 9th Floor<br>Seattle, Washington 98104<br>Amy.montgomery@kingcounty.gov<br>Attorney for King County Defendants | [X] via eFiling/Email<br>[ ] via Messenger<br>[ ] via US Mail<br>[ ] via Fax |
| Cheryl A. Zakrzewski, WSBA #15906<br>Chad R. Barnes, WSBA #30480<br>Office of the City Attorney<br>450 110th Avenue NE<br>P.O. Box 90012<br>Bellevue, Washington  98004<br>czakrzewski@bellevuewa.gov<br>cbarnes@bellevuewa.gov<br>Attorneys for Defendant City of Bellevue | [X] via eFiling/Email<br>[ ] via Messenger<br>[ ] via US Mail<br>[ ] via Fax |
| Jennifer Stacy, WSBA #30754<br>Senior Deputy Prosecuting Attorney<br>King County Prosecuting Attorney<br>516 Third Avenue<br>Seattle, Washington  98104<br>Jennifer.stacy@kingcounty.gov<br>Attorney for King County Hearing Examiner | [X] via eFiling/Email<br>[ ] via Messenger<br>[ ] via US Mail<br>[ ] via Fax |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

21
   DATED this 5th_ day of February, 2021.

22
                                        s/ Jessica Beatty
23
                                        Jessica Beatty
                                        Paralegal
24
25
26
27

28
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT
[PAGE 9 of 9]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

# EXHIBIT A

**Possinger** Law Group
A Professional Limited Liability Company

1

2

3

4   THE HONORABLE TIMOTHY L. ASHCRAFT

5

6

7   IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

8

9   ANNA F. DANIELI,                                      CASE NO.:   19-2-07054-0

10          Plaintiff,

11          v.

12   KING COUNTY, a municipal corporation;          SECOND AMENDED COMPLAINT FOR
CITY   OF   BELLEVUE,   a   municipal               DAMAGES, DECLARATORY RELIEF, AND
13   corporation;   KING   COUNTY   HEARING          INJUNCTIVE RELIEF; DEPRIVATION OF
EXAMINER; REGIONAL ANIMAL SERVICES              CONSTITUTIONAL RIGHTS REMEDIABLE
14   OF   KING   COUNTY;   GENE   EDWARD            UNDER THE FOURTEENTH
MUELLER, and marital community; TIM             AMENDMENT; REMEDIABLE UNDER 42
15   ANDERSON, and marital community; and          USC 1983.
DOES 1-10,
16
            Defendants.
17

18

19          Plaintiff, ANNA  F.  DANIELI  ("Danieli"),  through  her  attorney  of  record  JON  M.

20   ZIMMERMAN  of  the  LAW  OFFICES  OF  JON  M.  ZIMMERMAN,  PLLC,  and  JEFFREY  K.

21   POSSINGER of POSSINGER LAW GROUP, PLLC, brings this Second Amended Complaint for

22   Damages,  Declaratory  and  Injunctive  Relief;  Deprivation  of  Constitutional  Rights

23   Remediable  Under  the  Fourteenth  Amendment;  Remediable  Under  42  USC  1983,  and

alleges:
24
                                        __PARTIES__
25

26          1.      Plaintiff ANNA DANIELI is a married woman residing in the City of Bellevue

27   and is the owner-guardian of MISKA, a brown spayed female tabby housecat.

---

SECOND AMENDED COMPLAINT
[PAGE 1 of 19]

**Possinger** Law Group
A Professional Limited Liability Company

**20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030**

2.     Defendant KING COUNTY is a municipal corporation and/or political subdivision of the State of Washington, organized under the laws of the State of Washington.

3.     Defendant CITY OF BELLEVUE, is a municipal corporation and/or political subdivision of the State of Washington, organized under the laws of the State of Washington;

4.     Defendant KING COUNTY HEARING EXAMINER, is an agency or department created and administered by KING COUNTY;

5.     Defendant REGIONAL ANIMAL SERVICES OF KING COUNTY ("RASKC"), is an agency or department created and administered by KING COUNTY;

6.     Defendant GENE MUELLER ("Mueller"), is a resident of King County, and at germane times hereto is and was the RASKC Manager, and a current employee of King County.  He was, at all germane times, an employee and/or agent of King County.  He is being sued in his personal and official capacities.  Mueller and his wife also live in the general proximity of Danieli in Bellevue, Washington, specifically in an adjacent neighborhood to the neighborhood to that of Danieli.

7.     Defendant TIM ANDERSON ("Anderson"), is a resident of King County, is a sergeant with RASKC, and was at one time germane to this case the Interim Manager of RASKC.  He was, at all germane times, an employee and/or agent of King County.  He is being sued in his personal and official capacities.

8.     Together the Defendants, King County, RASKC, King County Hearing Examiner, Mueller in both his official capacity and personal capacity, and Anderson in both his official capacity and personal capacity are (the "Government Defendants").

9.     On information and belief, other as yet-unknown and unnamed defendants DOES 1-10 may be liable in part or in whole for the harms inflicted upon Danieli.  When their identities are discovered, the complaint will be amended to name the unnamed defendants.

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

10.     The marital or domestic partner communities of Mueller, and Anderson have also been sued on the basis that the acts of Mueller, and Anderson enriched the marital or domestic partner communities.   Should such communities not exist, each is sued individually.

## JURISDICTION AND VENUE

11.     This lawsuit challenges the unlawful decision of Defendants Bellevue, King County, Constantine, Mueller, Miyake, Anderson, and RASKC to pursue Bellevue animal code enforcement proceedings before the Office of the King County Hearing Examiner, and this lawsuit further challenges the unlawful decision of the King County Hearing Examiner to assert jurisdiction over these cases.

12.      This lawsuit further challenges the legality of municipal fines asserted by Defendant City of Bellevue through its agents, Defendants King County, RASKC, Mueller and Anderson.  Jurisdiction is proper in this Court under Washington Constitution Art. 4 §6 and RCW 2.08.010, which vest the Superior Court with original jurisdiction over all matters involving the "legality of any tax, impost, assessment, toll or municipal fine."  This Court has personal and subject matter jurisdiction over all defendants.

13.     Venue is proper in Pierce County, Washington, under RCW 36.01.050.

14.     State and Federal Courts have common jurisdiction over actions brought for deprivation of constitutional rights under 42 USC 1983.

## PROCEDURAL BACKGROUND OF CASE

15.     On April 12, 2019 Danieli filed her first Complaint for Declaratory and Injunctive Relief in this case.

16.     On October 7, 2109 Danieli filed her First Amended Complaint, which added additional causes of action, against the various Government Defendants, namely for: Abuse of Process, Trespass to Chattels, Conversion, Negligent Supervision, and Civil Conspiracy.

17.     On October 23, 2020, the Court heard Cross-Motions for Summary Judgment from Danieli and the various Government Defendants. After a hearing on the various

SECOND AMENDED COMPLAINT
[PAGE 3 of 19]

**Possinger** Law Group
A Professional Limited Liability Company

**20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030**

Cross-Motions, the Court granted Danieli's Motion for Partial Summary Judgment for Declaratory and Injunctive Relief, finding among other things that the City of Bellevue had failed to properly update the Bellevue City Code ("BCC") and as a result the King County Hearing Examiner had lacked authority *ab initio* to hear animal control cases arising out of the City of Bellevue.  The Order was entered on November 13, 2020 and has not been appealed.

18.     The Court enjoined the King County Hearing Examiner from maintaining or hearing any further animal control cases arising out of the City of Bellevue until such time as the City of Bellevue properly updated its City Code.

19.     Despite the fact that the Court has already ruled on the Plaintiff's injunctive and declaratory relief, the Plaintiff realledges these facts in this Second Amended Complaint because it is an integral part of this case, which has not yet reached its conclusion.

20.     As of the date of this Second Amended Complaint, discovery between the Parties in the case has been ongoing and has been the source of certain facts and circumstances concerning transactions and occurrences, which were unknown to Danieli nor able to be reasonably known by her at the time of the filing of the original Complaint and First Amended Complaint.

### GENERAL FACTUAL ALLEGATIONS

21.     As a matter of convenience to the Court, Danieli realleges and incorporates by reference the previous Complaint and First Amended Complaint and all attached Exhibits thereto as if fully set forth herein.  Any reference to Exhibits in this Second Amended Complaint refer to the Exhibits attached to the First Amended Complaint.

22.     In 2010, the City of Bellevue ("City") passed an ordinance in which the City established a municipal code title, for and titled Animal Care and Control, Title 8 of the Bellevue City Code ("BCC").

SECOND AMENDED COMPLAINT
[PAGE 4 of 19]

**Possinger** Law Group
*A Professional Limited Liability Company*

**20250 144th Avenue NE, Suite 205**
**Woodinville, Washington 98072**
**206-512-8030**

23.     In Title 8 BCC, the City designated King County's RASKC as the City's animal care services and enforcement agency for such City matters.

24.     During the last decade, the City has contracted with RASKC for animal control services in various interlocal agreements ("ILAs").

25.     The RASKC Manager is the chief official of RASKC.  When there is no RASKC Manager, the chief official is the RASKC Interim Manager.

26.     The BCC expressly grants the RASKC Manager or an animal care and control officer authority to commence enforcement proceedings for purported animal code violations.  **See Ex. A.**

27.     The BCC designates the King County Board of Appeals to hear appeals by parties aggrieved by RASKC Manager actions.  These appeals are to contest animal code enforcement proceedings initiated by or on behalf of the City of Bellevue.  **See Ex. A.**

28.     Prior to 2016, the King County Board of Appeals would adjudicate animal code enforcement proceedings when a party contested a received NOV.

29.     In 2016, the King County Board of Appeals stopped adjudicating animal code enforcement proceedings.

30.     Purported code violations heard by the Board of Appeals were civil infraction cases.

31.     Beginning on or around September 9, 2014, RASKC began to issue Notices of Violation ("NOV") to Danieli.  All of these NOV involved her feline companion, Miska.

32.     All of the NOVs Danieli received involved civil violations of law.

33.     All of the NOVs are punishable by a fine.

34.     Under the BCC, fines and civil penalties have the same meaning.

35.     All of the NOVs issued to Danieli are Notices of Infractions; a Notice of Infraction is another name for a Notice of Violation.

---

SECOND AMENDED COMPLAINT
[PAGE 5 of 19]

**Possinger** Law Group
A Professional Limited Liability Company

**20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030**

36.     In the period of 2014-2019, Danieli received NOVs for no fewer than 30 alleged civil infractions.  Each infraction carries a separate civil penalty.  Many of these are alleged trespassing infractions.  **See Ex. B** for partial list.

37.     No other cat in Bellevue and King County has had more civil infractions filed against it than Miska.

38.     To put this in perspective, of the approximately 20,000 infractions filed by RASKC over a ten-year period, approximately 50 involved cats, and most of these infractions involved Miska.

39.     RASKC and King County have expended significant resources to prosecute Danieli's cat.  For example, King County has assigned no fewer than four King County prosecutors to prosecute Miska.

40.     Upon information and belief, RASKC has cited no other cat in Bellevue, despite the fact that cats are crawling around all over Bellevue.

41.     The civil penalties for the dozens of NOVs filed against Danieli and Miska amount to thousands of dollars.

42.     In or around 2014, RASKC Manager Gene Mueller determined that Miska was "vicious" and, in pursuit of his desire to separate Miska from Danieli and Miska's family, Manager Mueller signed an order to have Miska euthanized or deported from King County.

43.     Typically, the terms "potentially dangerous," "vicious," and "dangerous" are used as a condition precedent to have such dogs euthanized or deported.

44.     State law prescribes definitions for "potentially dangerous dog" and "dangerous dog," but the BCC does not use or define these terms.

45.     The BCC does define the term "vicious," and applies the term to any animal regardless of species.  Although the BCC also uses the term "vicious propensities," that term is not defined.

46.     In animal law, a deportation order is known as a "Notice of Removal" ("NOR") and also carries a civil penalty.

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

47.     Any number of civil infractions could subject an animal to removal, including offenses not related in any way to the animal's temperament or demeanor.  For example, a cat that is trespassing or a chicken that is making an undesirable noise can cause prosecution and deportation proceedings against animals in Bellevue.     Thus, an unwelcome cat can be subject to deportation proceedings in Bellevue.

48.     Although Miska is a mixed breed tabby cat, she has the markings of a "Savannah Cat" or "Bengal."  Although she is regularly described as a Savannah Cat by various people, she is not a pure breed or true Savannah Cat, and likely only has some Savannah Cat in her background if at all. For all practical purposes, Miska is a domestic housecat with Savannah-like markings. Even her behavior is consistent with a domestic housecat.

49.     There are no state or local regulations or other prohibitions to Savannah Cats in Washington State, King County, or the City of Bellevue.

50.     On information and belief, Manager Mueller has communicated to RASKC Staff that he does not like Savannah Cats as a breed and does not believe that people should own them.

51.     From early on in her interactions with RASKC, RASKC has described Miska in official records as a Savannah Cat.

52.     In 2015 Danieli fought Manager Mueller's euthanization or deportation order of Miska in the Superior Court of Washington for King County.

53.     Manager Mueller, at all times relevant to this action, lived in the same general neighborhood as Danieli and Miska, approximately two blocks away from Danieli's residence.

54.     Unbeknownst to Danieli at the time, and while she was fighting for Miska in Superior Court, Manager Mueller was continuing to take official action against Danieli and Miska based on his own personal interest by filing his own complaints against Miska as one of Danieli's neighbors.

**Possinger** Law Group
*A Professional Limited Liability Company*

**20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030**

55.     Manager Mueller was listed as the investigating officer on at least two of the matters involving Miska.

56.     On information and belief, Manager Mueller at one point showed Lead Sargent Anderson and a RASKC Animal Control Officer ("ACO") a photograph on his phone of what he indicated was a photograph of his wife holding a rifle of some kind and indicated to these RASKC staff members that this was a "solution" to the Danieli "cat problem."

57.     After Manager Mueller filed one of these self-filed complaints to RASKC, the ACO to whom Mueller had shown the photograph with Mueller's wife holding a rifle was assigned to the case related to Mueller's complaints.

58.     Because of this personal vendetta and/or bias towards Danieli and Miska, Manager Mueller used his authority as RASKC Manager to further punish Danieli through the use of excessive fines and deportation orders against Miska.   Mueller's heavy-handedness was the direct result of bias towards Danieli and discriminatory treatment of her and Miska because Danieli lives in his neighborhood.

59.     In or around June 2015, Manager Mueller directed RASKC personnel to take a report about Miska so that RASKC personnel could then issue more NOVs and civil penalties to Danieli in the hopes that as Manager, he could eventually euthanize or deport Miska from King County.

60.     Manager Mueller and RASKC pursued Miska like no other cat in Bellevue and King County. On information and belief, no other cat much less any other animal in King County has been fined as much as Miska.

61.     Manager Mueller's actions as a neighbor complainant against Danieli and his personal use of county resources as the sole individual for RASKC who can decide Miska's fate amounts to a clear and actual conflict of interest.

62.     While Manager Mueller was pursuing Miska, in November 2015, the Superior Court of Washington for King County vacated Manager Mueller's deportation order.

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

63.     However, as late as the first few months of 2016, Danieli continued to deal with fighting Manager Mueller in front of the King County Board of Appeals.

64.     Then, in 2016, the King County Council passed a new ordinance in which the King County Council removed the authority of the King County Board of Appeals to hear animal enforcement cases and delegated that authority to the King County Hearing Examiner.

65.     From the beginning of its adoption in 2010 to the present day, the City of Bellevue never amended Title 8 of the BCC, the Animal Care and Control title for Bellevue.

66.     In or around February or March 2017, after a relative period of calm of about 18 months of no NOVs being issued to Danieli, RASKC personnel encouraged another of Danieli's neighbors to file one or more complaints against Miska for purported trespassing on a neighbor's property.  On information and belief, RASKC staff members working with other neighbors of Danieli actively sought to solicit complaints against Danieli for Miska from additional neighbors, which could then be sent to RASKC for investigation and further fines.

67.     During the course of these communications with Danieli's neighbors, RASKC staff members shared with Danieli's neighbor's information regarding Danieli, information purported to be related to the "long legal history" she allegedly had with King County and RASKC concerning Miska, and information about the fines being levied against her and other sensitive information of this nature.  This information was then used in part by the neighbors organizing for having reports be filed with RASKC to further investigate and fine Danieli.

68.     During this time, certain neighbors discussed taking extra-judicial action to address Miska and Danieli, including discussions of shooting the cat with various forms of guns to solve the problem with the cat.

69.     Although RASKC did not see Miska trespassing, RASKC assisted and encouraged a neighbor to lure and trap Miska in a dog trap provided by RASKC.

---

SECOND AMENDED COMPLAINT
[PAGE 9 of 19]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

70.     RASKC then detained Miska for several months in the King County "kitty jail" (aka the cattery of the RASKC animal control facility in Kent).

71.     While Miska was detained in the kitty jail, RASKC again filed several civil NOVs and NORs against Danieli.

72.     The 2017 NOVs and/or NORs indicated that Danieli, should she wish to contest RASKC determinations and Miska's detention and impending deportation, would have to appeal to RASKC, which would then send the matter to the King County Hearing Examiner.

73.     While the March 2017 NOVs were pending and Miska was in the kitty jail, there were no rules in place to contest the NOVs before the King County Hearing Examiner.

74.     In March 2017, Manager Mueller moved to deport Miska under the King County Code.  Manager Mueller issued an NOR for Miska and imposed a $1,000 fine against Danieli.  **See Ex. D.**

75.     In May 2017, at Mueller's direction, Lead Sergeant Tim Anderson issued a second NOR, this time under the Bellevue City Code, with a $1,000 fine against Danieli, all while RASKC unlawfully detained Miska.  **See Ex. E.**

76.     In addition, Danieli incurred per day boarding fees for RASKC's detention of Miska in RASKC's cat detention facility.

77.     In June 2017, months after the NOVs were issued to Danieli, the King County Council passed rules for proceedings before the King County Hearing Examiner.

78.     After a series of continuances by Danieli and RASKC, in late 2017 Danieli and RASKC resolved to have Miska released upon Danieli's payment of kenneling fees; however, Danieli felt she was in a hostage situation because she continued to suffer during RASKC's imposed separation from her cat.  For example, RASKC denied Danieli visitation rights and Miska was suffering by RASKC's isolation of Miska to solitary confinement.  Miska was not the same following months of isolation at the Kent Facility.

**Possinger** Law Group
A Professional Limited Liability Company

**20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030**

79.    In 2018, even after Miska's release, RASKC continued to file NOVs against Danieli.

80.    In July 2018, Danieli notified RASKC that the King County Hearing Examiner lacked jurisdiction to enforce Title 8 of the Bellevue City Code in the forum of the King County Hearing Examiner.

81.    On July 11, 2018 RASKC asserted that the King County Code superseded the Board of Appeals' authority and that the Hearing Examiner therefore has jurisdiction.

82.    RASKC failed to address the fact that the BCC had remained unchanged and that under Bellevue's own city code, the Board of Appeals is the proper authority to adjudicate Bellevue animal enforcement case.

83.    At the same time, Danieli and RASKC agreed to attempt to mediate their dispute, but the parties were unable to reach an agreement.

84.    Although RASKC and Danieli took steps to involve the City of Bellevue, the City of Bellevue refused to participate in the mediation.

85.    After mediation, in late 2018, RASKC placed the NOVs back before the Hearing Examiner, and a dispute over King County Hearing Examiner jurisdiction became public, namely, whether the Hearing Examiner lacked jurisdiction.

86.    Danieli moved to dismiss the NOVs in front of King County Hearing Examiner Spohr, but Spohr held the motion and ordered briefing.  After a couple rounds of briefing, the Hearing Examiner denied Danieli's motion to dismiss, but found jurisdiction "not as clear" for NOVs prior to 2018.  **See Ex. G.**

87.    Danieli also sent a reconsideration letter to Hearing Examiner Spohr and to many of the other defendants, and none of them other than Spohr responded.  **See Ex. H.**

88.    Following the filing of the original Complaint by Danieli in April 2019, certain neighbors of Danieli became upset that Danieli had filed a lawsuit, and began contacting various agencies, including RASKC.  One such neighbor who stated she would not purchase a pet until Miska was gone from the neighborhood began making numerous public records

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

requests of King County among other attempts to communicate with RASKC.  At this time, Manager Mueller reached out by email to this neighbor and responded among other things that "[w]e are all seeking the same resolution."

89.     On information and belief, within approximately two weeks of that correspondence between Manager Mueller and the neighbor, Miska disappeared, and has not been seen since.

90.     On information and belief, the same neighbor who communicated with Manager Mueller purchased new pets within a month, and never followed through with retrieval of any of the public document requests she had previously requested and received from King County.

91.     Unfortunately, the Hearing Examiner Guide does indeed provided (albeit erroneous) legal advice to those individuals who received the Guide from RASKC or view the Guide on the Hearing Examiner's website, despite the fact that the Guide was inapplicable to Bellevue and inconsistent with Bellevue's adjudication procedures under Bellevue law.

Since Danieli made her motion to dismiss NOVs for lack of jurisdiction, RASKC has filed thousands of dollars of additional civil penalties against Danieli.  RASKC continued to provide this Hearing Examiner Guide to Danieli and others charged with NOVs.

92.     Danieli has state and federal constitutional rights to due process of law.  The requirements of minimal due process include compliance with governing statute statutes and local ordinances not in conflict with state laws.

93.     Danieli has incurred, and continues to incur, substantial attorney's fees and costs in order to fight for her beloved cat, Miska.

94.     Danieli has suffered, and continues to suffer, severe mental anguish resulting from the acts and omissions described herein.

---

SECOND AMENDED COMPLAINT
[PAGE 12 of 19]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

<u>Pursuant to CR 8(e)(2), Danieli pleads alternatively and cumulatively:</u>

## FIRST CAUSE OF ACTION:

## INJUNCTIVE RELIEF

95.     The Plaintiff realleges and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

96.     Plaintiff requests the court issue Injunctive Relief:

    a.   Enjoining RASKC from prosecuting any Bellevue case involving Danieli and her cat Miska before the King County Hearing Examiner, and enjoining RASKC from disseminating its present forms to citizens in Bellevue;

    b.  Enjoining Spohr and the King County Hearing Examiner from hearing Bellevue animal enforcement cases involving Danieli and her cat Miska;

## SECOND CAUSE OF ACTION:

## DECLARATORY RELIEF

97.     The Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

98.     Plaintiff requests the court to issue a Declaratory Judgment providing the following declaratory relief:

    c.  A Finding that Bellevue's use of the King County Hearing Examiner violates Wash. Const. Art. XI, section 11 and is therefore in conflict with general laws.

    d.  A Finding that during the relevant time periods, the BCC did not or does not authorize the use of the King County Hearing Examiner and the actions of the King County Hearing Examiner within the City of Bellevue and enforcement actions under the BCC lacks legal authority, is void, and is without effect.

SECOND AMENDED COMPLAINT
[PAGE 13 of 19]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

e. Voiding Notices of Violation against Danieli and her cat Miska for any NOVs that RASKC has issued to Danieli wherein such NOVs have indicated that Danieli must appeal to the King County Hearing Examiner;

f. Voiding RASKC's determination of Miska as "vicious" and any subsequent Removal Orders issued by former Manager Gene Mueller and former Sergeant and present Interim Manager Tim Anderson;

g. Confirming that civil penalty and civil violation animal enforcement cases involving Miska in Bellevue are civil infractions;

## THIRD CAUSE OF ACTION:

## PROMISSORY/EQUITABLE ESTOPPEL

99. The Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

100. King County, City of Bellevue, and the Hearing Examiner should be estopped from enforcing actions under the existing Bellevue City Code under the doctrines of promissory and/or equitable estoppel.

## FOURTH CAUSE OF ACTION:

## ABUSE OF PROCESS

101. The Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein. Defendant city of Bellevue, through Defendant RASKC, Defendant Mueller, Anderson and/or other Defendants have prosecuted and issued Plaintiff with NOVs.

102. Upon information and belief, one or more of the Defendants' actions were taken, without proper legal authority and outside the scope of their regular duties and business. And such actions were taken in furtherance of an ulterior motive not within the proper scope of the relevant processes. The mere fact that the Defendants employed disproportionate and unprecedented resources to prosecute Plaintiff clearly demonstrates that the Defendants were acting outside the regular course of normal proceedings.

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

103.    As a direct and proximate cause of Defendants' conduct described herein, Plaintiff has suffered injuries and damages to be proven at trial.

## FIFTH CAUSE OF ACTION:

## TRESSPASS TO CHATTELS

104.    The Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

105.    The Defendants have deprived the Plaintiff of possession of her cat. The Defendants pursued and are pursuing Plaintiff's cat while taking unjust custody of it.  The Defendants were and are still acting without legal authority.

106.    As a direct and proximate cause of Defendants' conduct described herein, Plaintiff has suffered injuries and damages to be proven at trial.

## SIXTH CAUSE OF ACTION:

## CONVERSION

107.    The Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

108.    The Defendants have interfered with Plaintiffs possession of its cat.  The Defendants had pursued and is pursuing Plaintiff's cat while taking unjust custody of it and threatening to deport it from King County or euthanize it.  The Defendants were and are still acting without proper legal authority.

109.    As a direct and proximate cause of Defendants' conduct described herein, Plaintiff has suffered injuries and damages to be proven at trial.

## SEVENTH CAUSE OF ACTION:

## NEGLIGENT SUPERVISION

110.    The Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

111.    Defendants King County, City of Bellevue and/or their respective officers and managers have failed in their duty to properly supervise their respective respectively.

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

Furthermore, King County and Bellevue have failed to properly exercise their duty of care to ensure that their employees did not exceed the scope of their authority and/or use the authority given to them to promote the employees' own personal interests.

112.    As a direct and proximate cause of Defendants' conduct described herein, Plaintiff has suffered injuries and damages to be proven at trial.

## EIGHTH CAUSE OF ACTION:

## CIVIL CONSPIRACY

113.    The Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

114.    Upon information and belief, some or all of the Defendants engaged in a civil conspiracy against Plaintiffs in connection with the actions alleged herein.

115.    Because of their tortious and/or illegal conduct, the Defendants involved in the civil conspiracy are jointly and severally liable for all damages suffered by Plaintiffs.

## NINTH CAUSE OF ACTION:

## DENIAL OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT

116.    The Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

117.    This cause of action arises under the Equal Protection Clause of the Fourteenth Amendment of and 42 U.S.C. § 1983.

118.    Upon information and belief, Danieli and her cat Miska were treated differently than similarly situated cat owners in Bellevue and King County.

119.    Danieli has been placed in the status of a "class of one" by Manager Mueller and RASKC's actions directed against her.  And the unique treatment that she and her cat have received varies from the usual and customary treatment of other pet owners in the City of Bellevue and King County.

120.    As Manager of RASKC, Manager Mueller has authority to direct and influence resources and activities of those employees working at RASKC.

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

121.    Manager Mueller, acting as RASKC Manager, has acted "under color of law" with regard to his actions directed against Danieli and her cat Miska.

122.    There has been no rational basis for the distinctive treatment that Danieli and her cat have received at the hands of Manager Mueller and RASKC. His stated animus against Savannah Cats and those that own them indicates among others an improper purpose for disparate treatment of Danieli and her cat Miska.

123.    These deprivations of Danieli's constitutional rights have damaged her.

## PRAYER FOR RELIEF

WHEREFORE, Danieli seeks judgment against the Defendants as follows:

A.    For declaratory relief as stated above;

B.    For injunctive relief as stated above;

C.    For economic damages, including but not limited to actual, consequential, and incidental;

D.    For noneconomic damages;

E.    For reasonable attorney's fees as allowed by RCW 7.64.035, contract, equity, or in the alternative, statutory attorney's fees of $200;

F.    For damages under 42 U.S.C. § 1983 and attorney fees under 42 U.S.C. § 1986.

G.    For the costs of suit;

H.    For pre-judgment interest at 12% per annum or the highest rate permitted by law, whichever is higher.

I.    For post-judgment interest at 12% per annum or the highest rate permitted by law, whichever is higher, pursuant to RCW 4.56.110;

J.    For such other and further relief as the Court may deem just and proper.

K.    Plaintiff reserves the right to request an order allowing it to amend this Complaint based upon information gained during the course of litigation, as a result of the

**Possinger** Law Group
A Professional Limited Liability Company

**20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030**

1   discovery process, to conform to the evidence adduced at trial or as may be necessary to

2   serve the ends of justice

3

4

5

6

7

8

9

10

11                         [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   /////

SECOND AMENDED COMPLAINT
[PAGE 18 of 19]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

1  /////

2  /////

3  /////

4       DATED this 5th day of February, 2021.

5

6

7                          **POSSINGER LAW GROUP, PLLC**

8

9

10                    /s/ Jeffrey Possinger

11                    Jeffrey Possinger
   WSBA# 30854

12                    Attorney for Plaintiff
   20250 144th Avenue, Suite 205

13                    Woodinville, WA 98072
   (t) 206-512-8030l

14                    (f) 206-569-4792

15                    jeffrey.possinger@possingerlaw.com

16

17

18                    **LAW OFFICES OF JON ZIMMERMAN, PLLC**

19

20

21                    /s/ Jon M. Zimmerman

22                    Jon M. Zimmerman
   WSBA# 36296

23                    Attorney for Plaintiff, Anna F. Danieli
   918 South Horton Street, Suite 902

24                    Seattle, WA 98072

25                    (t) 206-285-5060
   jon@seattletrafficattorneys.com

26

27

---

**Possinger** Law Group
A Professional Limited Liability Company

**20250 144th Avenue NE, Suite 205**
**Woodinville, Washington 98072**
**206-512-8030**