1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

ANNA F. DANIELI,

                               Plaintiff,

9

              vs.

10

KING COUNTY, a municipal corporation; CITY
OF BELLEVUE, a municipal corporation; KING

11

COUNTY HEARING EXAMINER; REGIONAL
ANIMAL SERVICES OF KING COUNTY;

12

GENE EDWARD MUELLER, and marital
community; TIM ANDERSON, and marital

13

community; and DOES 1-10,
                               Defendants.

14

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 3:21-cv-05163-RSM

ORDER GRANTING KING COUNTY
DEFENDANTS' MOTION TO
REMAND TO STATE SUPERIOR
COURT AND DENYING MOTION
FOR SANCTIONS

15

16

17

18

19

20

21

22

23

     This matter comes before the Court on King County Defendants' Motion to Remand.  Dkt.

#13.  The Motion is essentially unopposed.  *See* Dkt. #17 ("The Plaintiff agrees with the King County

Defendants that this case should be remanded to the Superior Court…").  Plaintiff, in Response,

requests "payment of just costs and any actual expenses, including attorney fees, incurred as a result

of the improper removal, pursuant to 28 U.S.C. §1447 and/or 28 U.S.C §1927."  Dkt. #17 at 2.

     Under 28 U.S.C. §1447(c), "an order remanding the case may require payment of just costs

and any actual expenses, including attorney fees, incurred as a result of the removal." The standard

for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.,* 546

ORDER GRANTING KING COUNTY
DEFENDANTS' MOTION FOR REMAND TO
STATE COURT AND DENYING SANCTIONS - 1

U.S. 132, 141 (2005). Courts may award attorney's fees under 28 U.S.C. §1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions require a bad faith finding. *See Soules v. Kauaians For Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988).

The Court need not recite the underlying facts of this case. The King County Defendants removed this case "in an abundance of caution" after receiving a copy of a Second Amended Complaint that was never actually ruled on by the state court. Dkt. #1. These Defendants were concerned with violating the 30-day deadline for removal and how the deadline would interact with a notice of appeal filed by Plaintiff in the state court. All of this was transparent in King County's removal notice. Legal research appears to have led defense counsel to believe receipt of a proposed amended complaint might trigger the start of the deadline. *See* Dkt. #20. These Defendants, realizing their error now, have moved for remand. The Court finds that, considering the entire record, Defendants were leaning on at least some objectively reasonable but ultimately losing bases for removal. Plaintiff has failed to demonstrate bad faith. This is not a case where an award of fees and costs under these statutes is warranted.

The Court will also address two Motions filed by Plaintiff, a Motion for Relief of Deadline, Dkt. #16, which the Court now finds moot, and Plaintiff's Motion for Sanctions under Rule 11, Dkt. #18. The Court finds that oral argument is unnecessary for this Motion.

Rule 11 of the Federal Rules of Civil Procedure states, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney… certifies to the best of the person's knowledge information, and belief, formed after an inquiry reasonable under the circumstances: 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…

Fed. R. Civ. P. 11(b). If the Court determines, after notice and a reasonable opportunity to respond, that the above rule has been violated, the Court may impose an appropriate sanction on any attorney that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). A district court is vested with discretion whether or not to enter Rule 11 sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

The Court finds that Plaintiff has failed to demonstrate a valid basis to enter Rule 11 sanctions against any of these attorneys. While it is true that removal was improper, the Court does not award Rule 11 sanctions every time an attorney makes a legal mistake. The Court has already determined that Defendants' removal had at least some reasonable basis given the unique procedural facts of this case. Plaintiff has failed to demonstrate that the extraordinary remedy of Rule 11 is warranted, especially since, from this Court's perspective, it is the first offense. Any alleged misconduct at the state court level is properly dealt with by that court.

Having reviewed the above Motions, responsive briefing, and the remaining record, the Court hereby FINDS and ORDERS that:

ORDER GRANTING KING COUNTY
DEFENDANTS' MOTION FOR REMAND TO
STATE COURT AND DENYING SANCTIONS - 3

1. The King County Defendants' Motion to Remand to State Superior Court, Dkt. #13, is GRANTED, and the case is REMANDED to Pierce County Superior Court. Plaintiff's request for fees is DENIED.

2. Plaintiff's Motion for Relief from Deadline and to Consolidate Motions, Dkt. #16, is DENIED AS MOOT.

3. Plaintiff's Motion for Sanctions under Rule 11, Dkt. #18, is DENIED.

4. All remaining motions in this case are STRICKEN as MOOT.

5. This matter is CLOSED.

DATED this 30th day of April, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE